## BELL *v.* TWILIGHT.

The court cannot amend a case, agreed by the parties, on motion of one of the parties.

The only relief which the court can grant, where it appears that a decision upon the agreed statement would work injustice, is to discharge the case, and let the action stand for trial, or other proceedings, in the usual course.

Upon an application for that purpose it must appear that the agreement was entered into under some misapprehension of the facts, or that material facts have been discovered, that due diligence was used in the preparation of the case, and due caution exercised in entering into the agreement.

THE parties agreed to a statement of facts on which the case was to be submitted to this court.

The plaintiff at this term moved to amend the statement in several particulars, or to discharge the case agreed, so that the action might stand for trial, and he filed an affidavit, setting forth that the facts in the proposed amendments were in his belief true and susceptible of proof; and that his examination of the case, before having agreed to it, having been rather hasty and cursory, the importance of the facts proposed to be added did not occur to him.

*Bell*, pro se.

*Marston*, for the defendant.

PARKER, C. J. The court cannot amend a statement of facts, agreed to by the parties, on motion of one of the parties. The parties make their own agreements, and the court cannot alter them. The only relief which the court can grant, when it appears that a decision upon the facts

as agreed would work injustice, is to discharge the case, and let the action stand for trial, or other proceedings, in the usual course.

In order to justify us in interfering in that mode, it must appear that the agreement has been entered into under some misapprehension of the facts, or that new facts have been discovered since the agreement, material to the party's case; that due diligence was used in the preparation of the case, and due care and caution exercised in entering into the agreement.

If, under such circumstances, it appears that the rights of the party will be concluded and sacrificed, should he be held bound by the agreement, and that injustice will thus be done, the court may order the case to be discharged, upon motion of one party, on such terms as may appear reasonable for the indemnity of his adversary.

But we are of opinion that the affidavit in support of this motion does not bring the case within the rule for such interference.

The court sometimes discharges a case agreed, after an opinion has been delivered, upon evidence showing the existence of other facts, which may be material, in order to give the party an opportunity to amend. The case is sometimes set aside on the terms that the party shall give judgment by agreement, open to review. But this is only done upon evidence showing that something appearing to be material has been omitted (which fact may appear for the first time from the opinion of the court), and that there has been no laches.